NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1273


MICHELLE L. WILLIAMSON
VERSUS
JASON C. HEBERT


**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-4601
HONORABLE DAVID A. BLANCHET, DISTRICT JUDGE


**********
JOHN D. SAUNDERS
JUDGE


**********

Court composed of John D. Saunders, Jimmie C. Peters, Billy H. Ezell, Judges.

**MOTION TO REINSTATE APPEAL DENIED.**


S. Stephen Spring, II
Spring & Spring, LLC
733 East Airport Avenue, Suite 104
Baton Rouge, LA 70806
(225) 932-9671
COUNSEL FOR DEFENDANT/APPELLANT:
    Jason C. Hebert

Larry T. Richard
Miller & Richard, LLC
601 Clegg Street
Rayne, LA 70578
(337) 334-2147
COUNSEL FOR PLAINTIFF/APPELLEE:
    Michelle L. Williamson

SAUNDERS, Judge.

The defendant-appellant, Jason C. Hebert, moves to have his appeal reinstated by this court. The devolutive appeal was dismissed on December 12, 2006, because the appellant failed to file a brief with this court. We hereby deny the motion to reinstate appeal.

The plaintiff-appellee, Michelle L. Williamson, filed suit against the appellant seeking child custody and child support in the interest of two minor children of the couple. On February 16, 2006, the trial court signed a judgment setting the amount of past due child support, a visitation schedule and payment terms. The trial court also found the appellant in contempt and ordered him to serve two days in the Lafayette Parish Jail, but suspended the sentence on the condition that the appellant make timely child support payments and pay all arrearages and attorney's fees within sixty days of the judgment.

The appellant filed a motion and order for suspensive appeal on April 12, 2006. The trial court signed the order on May 12, 2006, granting the appellant a devolutive appeal.

The appeal record was lodged with this court on September 29, 2006. The appellant's brief was due to be filed in this court no later than October 24, 2006. Uniform Rules—Courts of Appeal, Rule 2–12.7. Upon the appellant's failure to file the brief, this court ordered the appellant to file his brief by December 7, 2006, pursuant to Uniform Rule—Courts of Appeal, Rule 2-8.6. When this court did not receive the appellant's brief by the foregoing date, this court dismissed the appeal on December 12, 2006. La.Code Civ.P. arts. 561, 2162, and 2165. Uniform Rules—Courts of Appeal, Rules 2–8.6 and 2–12.12.

The appellant requests that this court reinstate his appeal, claiming that

1

his attorney's law office was relocated and the change of address delayed the arrival of this court's notifications. The appellant's motion explains that although his attorney did receive the delayed final briefing notice, it arrived when the attorney was preparing for a week-long criminal trial, and the attorney overlooked the deadline, which expired while he was trying the criminal case. The appellant's motion further states that the appellee's rights will not be affected by reinstatement of this appeal as the minor children have already been removed from the state and all the payments required by the trial court have already been made. The appellant requests this court reinstate his appeal and grant him one week to file his brief.

We find that the appellant has not shown good cause for the reinstatement of his appeal. The appellant admits that his attorney received this court's final briefing notice before the deadline for filing the appellant's brief expired. The appellant could have timely sought an extension of time in which to file, but did not do so. Therefore, the appellant's appeal was properly dismissed and will not be reinstated.

**MOTION TO REINSTATE APPEAL DENIED.**